**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KRISTI WHISLER,            Plaintiff, <br><br> v. <br><br> BERKEL & COMPANY CONTRACTORS, INC., <br><br> Serve: <br> Registered Agent: <br> National Registered Agents, Inc. of Kansas <br> 2101 SW 21st Street <br> Topeka, KS 66604 <br><br>            Defendant. | Case No. 11-2082-JAR-DJW |

## COMPLAINT

COMES NOW Plaintiff, Kristi Whisler ("Whisler" or "Plaintiff"), and states and alleges as follows for her Complaint against the Defendant Berkel & Company Contractors, Inc. ("Berkel & Company" or "Defendant").

## NATURE OF THE CASE

1. This action is brought to remedy discrimination and retaliation on the basis of disability in the terms, conditions, and privileges of employment in violation of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and interference and/or retaliation in violation of the Family And Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, *et seq*.

2. The claims hereinafter alleged seek declaratory and injunctive relief and compensatory and punitive damages for Defendant's intentional discrimination and/or retaliation.

## JURISDICTION AND VENUE

3. Defendant's unlawful employment practices complained of herein occurred in Wyandotte County, Kansas, and accordingly, jurisdiction and venue are proper in this Court pursuant to 29 U.S.C. § 1331, 29 U.S.C. § 2617, 29 U.S.C. § 1343(a)(4), and 42 U.S.C. § 12117(a).

4. On or about July 7, 2010, Plaintiff Kristi Whisler filed her Charge of Discrimination detailing the allegations included herein with the Equal Employment Opportunity Commission ("EEOC"), which was thereafter dually-filed with the Kansas Human Rights Commission ("KHRC"). A true and correct copy of Plaintiff's Charge of Discrimination is attached hereto and incorporated by reference as Exhibit A.

5. Plaintiff received her Notice of Right to Sue from the EEOC on or about November 30, 2010. Accordingly, Plaintiff has fully complied with all jurisdictional prerequisites to jurisdiction of this Court under the ADA. A true and correct copy of Plaintiff's Notice of Right to Sue is attached hereto incorporated by reference as Exhibit B.

## PARTIES

6. Plaintiff Kristi Whisler, is and at all times relevant to the allegations in this Petition has been a resident and citizen of the State of Kansas. Plaintiff is an individual entitled to protection pursuant to 42 U.S.C. § 12111(8) and 29 U.S.C. § 2611(2)(a).

7. Defendant Berkel & Company is and all times relevant to the allegations in this Petition has been a company organized under the laws of the State of Kansas with its principal place of business at in Wyandotte County, Kansas. Defendant is and at all times relevant to this action has been an employer within the meaning of the ADA and FMLA pursuant to 29 U.S.C. § 2611(4)(a) and 42 U.S.C. § 12102(5)(A).

8. All of the acts, conduct, and omissions of Defendant were performed by their agents, representatives, and employees acting while in the course and scope of their agency or employment.

## FACTS

9. Plaintiff began her employment with Defendant on May 14, 2007.

10. On November 7, 2008, Plaintiff informed Defendant's representatives that she was pregnant. In February 2009 a glucose test was administered by Plaintiff's OBGYN, physician Dr. Cynthia Eckert. The test revealed low platelet counts, and Dr. Eckert referred Plaintiff to a hematologist.

11. On April 22, 2009, Plaintiff became ill at work and made an appointment at the Johnson County Women's Clinic for 4 p.m. the same day. At the appointment Plaintiff was sent immediately to Shawnee Mission Medical Center for an emergency c-section, where Plaintiff's daughter was born 11 weeks premature.

12. On April 28, 2009, Plaintiff spoke with her supervisor, who assured Plaintiff that she would be allowed to return to her former position in the accounts payable department when she was able to return to work.

13. On May 6, 2009, Plaintiff was released from Shawnee Mission Medical Center. Plaintiff's daughter remained in the neonatal intensive care unit.

14. On May 9, 2009, Plaintiff was readmitted to Shawnee Mission Medical Center for a blood clot which had formed in her neck.

15. On May 10, 2009, Plaintiff was released from the hospital. Plaintiff was prescribed blood thinners and provided with nurse home care.

16. On June 18, 2009, Plaintiff's daughter was released from the neonatal intensive care unit.

17. On July 3, 2009, Plaintiff was released by her primary physician, Dr. Phyllis Sullivan at KU Med Center West, to return to work.

18. On July 6, 2009, Plaintiff returned to work for Defendant, where she was assigned to a scanning position.

19. On December 16, 2009, Plaintiff was diagnosed with a disease of the blood and possible myelodysplastic syndrome, a condition from which she suffers today.

20. On January 6, 2010, Plaintiff received a letter from Defendant indicating that her employment would be terminated effective January 8, 2010.

21. On January 8, 2010, Plaintiff spoke with her supervisor, who informed Plaintiff that her employment was being terminated because they needed someone to assume her responsibilities while I had been away from work with my illness, and her replacement was "faster" though Plaintiff was "more accurate."

22. Plaintiff was later informed by her colleague Debbie Simkins that Defendant's Human Resources Director Scott McDonald had informed others in Plaintiff's department while she was in the hospital that the medical expenses related to my care and the care of my daughter had totaled more than $500,000.00. Mr. McDonald also informed Ms. Simkins and the others in Plaintiff's department that insurance premiums for Defendant's employees would be increased as a direct result of the costs related to Plaintiff's care and the care of her daughter.

## COUNT ONE - VIOLATION OF THE ADA
## DISABILITY DISCRIMINATION

23. Plaintiff hereby incorporates each preceding paragraph as though fully set forth herein.

24. Plaintiff is substantially limited in the major life activities of performing manual tasks, sleeping, and working, and perhaps other major life activities. Major bodily functions affected by Plaintiff's disability include functions of the immune system, normal cell growth, neurological, and respiratory functions.

25. Defendant's unlawful discrimination on the basis of Plaintiff's disability, on the basis that Plaintiff is regarded by Defendant as disabled, and/or on the basis that Plaintiff has a record of disability, each in the terms, conditions, and privileges of her employment was discriminatory and intentional, and constituted a disparity in treatment of Plaintiff on the basis of her disability in willful violation of the ADA.

26. Defendant's unlawful termination of Plaintiff's employment was similarly discriminatory and intentional, and constituted a disparity in treatment of Plaintiff on the basis of her disability, in willful violation of the ADA.

27. In engaging in the aforementioned unlawful employment practices, Defendant and its agents acted in conscious and reckless disregard for Plaintiff's physical and emotional well-being and her federally protected civil rights.

28. Defendant's conduct was outrageous due to their evil motive and/or reckless disregard for Plaintiff's federally protected civil rights, entitling her to an award of punitive damages.

29. Defendant failed to make good faith efforts to enforce its policies to prevent discrimination against its employees, including Plaintiff.

30. As a direct and proximate result of Defendant's unlawful and discriminatory policies, practices, and conduct, Plaintiff has suffered irreparable injury, including past a future pecuniary losses, lost insurance benefits, emotional pain, suffering, humiliation, inconvenience, mental anguish and loss of enjoyment of life, and will continue to suffer the same unless and until this Court grants the requested relief.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment:

(A) Declaring all acts described herein related to the terms and conditions of Plaintiff's employment in violation of the ADA;

(B) Enjoining and permanently restraining Defendant from continued violations of the ADA;

(C) Directing Defendant to take such affirmative measures as are necessary to ensure that the effects of its unlawful practices and conduct are eliminated and do not continue to affect Plaintiff's employment opportunities;

(D) Directing Defendant to pay Plaintiff front pay in lieu of reinstatement, and to make Plaintiff whole for all earnings and benefits she would have received but for Defendant's unlawful practices and conduct, including, but not limited to, wages, vested retirement earnings, insurance, and other lost benefits;

(E) Awarding Plaintiff compensatory and punitive damages;

(F) Awarding Plaintiff the costs of this action, prejudgment interest, and her reasonable attorney's fees; and

(G) Granting such additional relief as the Court may deem just and proper.

**COUNT TWO – FMLA INTERFERENCE AND/OR RETALIATION**

31. Plaintiff hereby incorporates each preceding paragraph as though fully set forth herein.

32. Plaintiff in good faith exercised her FMLA rights with Defendant as she suffered from symptoms related to her diagnosis with myelodysplastic syndrome.

33. Defendant retaliated against Plaintiff in the terms and conditions of her by unlawfully terminating her employment for false reasons.

34. Plaintiff's attempted and/or actual exercise of rights under the FMLA was a determining factor in Defendant's decision to terminate Plaintiff's employment.

35. Defendant's conduct was outrageous due to its evil motive and/or reckless disregard for Plaintiff's rights under the FMLA, entitling her to an award of punitive damages.

36. Defendant failed to make good faith efforts to enforce its policies to prevent retaliation against its employees, including Plaintiff.

37. As a direct and proximate result of Defendant's unlawful and discriminatory policies, practices, and conduct, Plaintiff has suffered irreparable injury, including past a future pecuniary losses, lost insurance benefits, emotional pain, suffering, humiliation, inconvenience, mental anguish and loss of enjoyment of life, and will continue to suffer the same unless and until this Court grants the requested relief.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment:

(A) Declaring all acts described herein related to the terms and conditions of Plaintiff's employment in violation of the FMLA;

(B) Enjoining and permanently restraining Defendant from continued violations of the FMLA;

(C) Directing Defendant to take such affirmative measures as are necessary to ensure that the effects of their unlawful practices and conduct are eliminated and do not continue to affect Plaintiff's employment opportunities;

(D) Directing Defendant to pay Plaintiff front pay in lieu of reinstatement, and to make Plaintiff whole for all earnings and benefits she would have received but for Defendants' unlawful practices and conduct, including, but not limited to, wages, vested retirement earnings, insurance, and other lost benefits;

(E) Awarding Plaintiff compensatory and liquidated damages;

(F) Awarding Plaintiff the costs of this action, prejudgment interest, and her reasonable attorney's fees; and

(G) Granting such additional relief as the Court may deem just and proper.


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to trial by jury.

## DESIGNATED TRIAL LOCATION

Pursuant to D. Kan. Rule 40.2, Plaintiff hereby designates the place of trial as **Kansas City, Kansas**.

Respectfully submitted,



/s/ Lewis M. Galloway
Lewis Galloway          KS Bar. No. 20172
1600 Genessee St, Suite 918
Kansas City, MO 64102
Phone:       (816) 442-7002
Fax:         (816) 326-0820
lewis@lglawllc.com

ATTORNEY FOR PLAINTIFF